ALLEN, Judge.
Appellant, plaintiff in the lower court, appeals a final order denying its petition for an order declaring appellee’s premises to be a public nuisance and enjoining the operation of said premises.
The premises in question consist of a drive-in restaurant, motel and “beer par-lar” located in an unincorporated community in Lake County. Appellant sought to have these declared to be public nuisances, alleging that:
“ * * * during the past said operator has allowed drunks to frequent her three places of business; has allowed cursing and all kinds of profane and *354 vulgar language on all of the above premises, inside and out; has allowed loud and boisterous noises at late hours of the night and early hours of the morning; has allowed numerous fights to take place upon said premises, and has allowed immoral acts to take place on the above premises and in the buildings located on said premises; has allowed the throwing of waste and beer and whiskey bottles throughout the general vicinity of Dona Vista, a community in which the above buildings and premises are located; has allowed loud noises by patrons in leaving and arriving on said premises by screeching of tires of their vehicles; has, in response to numerous requests made by the law enforcement agencies of Lake County, Florida, to discontinue the foregoing, disobeyed said requests.”
Upon hearing, appellant produced the testimony of IS witnesses; the sheriff and five deputies, the County Juvenile Counselor and eight citizens, to sustain the allegations made. Appellee was the only witness for the defense. Her testimony was limited to the fact that she had, since the inception of the litigation, leased the restaurant and “beer joint” to a third party.
The testimony of the law enforcement officers revealed that they had, on numerous occasions, been called to and had repeatedly made arrests for drunkenness and disorderly couduct at the premises. The testimony of the other witnesses reveals their observation of acts of misconduct on the part of the patrons of the premises, the loud and vulgar noises emanating from the premises, and further reveals the annoyance and injury to the community resulting from the operation of the premises. In sum, at the conclusion of the State’s evidence there was a prima facie case of nuisance within contemplation of Fla.Stat. § 823.05 (1961), F.S.A. The ap-pellee made no effort to rebut the State’s evidence and offered no contradictory proof. This is not, therefore, a case wherein the trial court made determinations of fact upon conflicting evidence, but is one wherein the evidence incontrovertibly established the fact of a public nuisance.
Denial of the requested declaration that the subject premises were a nuisance was, under the facts of this case, not within the broad discretion of the trial court. Accordingly, the decree must be reversed and the cause remanded for a declaration that the premises constitute a public nuisance and for such further relief as may be, in the lower court’s discretion, deemed appropriate.
The decree is reversed and the cause remanded for further proceedings not inconsistent with the foregoing.
KANNER, Acting C. J., and WILLSON, J. H., Associate Judge, concur.